UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE EVANS,

     Plaintiff,

-vs.-

Case No.

MIDLAND FUNDING, LLC,

     Defendant.

_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, ELAINE EVANS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for her Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Auburn Hills, Oakland County, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Auburn Hills, Oakland County, Michigan.

6. The Defendant to this lawsuit is Midland Funding, LLC, which is a foreign corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed to a third-party Comenity Capital Bank in the amount of $3,377.00 (the "collection item").

8. Defendant is reporting the collection item as "account information disputed by consumer" on Plaintiff's credit disclosures.

9. Plaintiff no longer disputes the collection item.

10. In March 2021, Plaintiff obtained her Experian credit disclosure and noticed Defendant reporting the collection item with the dispute comment.

11. In April 2021, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the collection item with the dispute comment.

12. On or about May 18, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

13. On July 21, 2021, Plaintiff obtained her Experian, Equifax, and Trans Union credit disclosures, which showed Defendant last reported the collection item reflected by the Experian, Equifax, and Trans Union credit disclosures on July 14, 2021, and failed or refused to remove the inaccurate dispute comment from the collection item, in violation of the FDCPA.

14. With a disputed item appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove the dispute notation.

15. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

16. Defendant had more than ample time to instruct Experian, Equifax and Trans Union to remove the inaccurate dispute comment.

17. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

18. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.  Her credit report continues to be damaged due to the Defendant's failure to properly report the collection item.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy: and

    b. 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

24. Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

25. Defendant's failure to remove the inaccurate dispute comment from its collection item on Plaintiff's consumer credit file is annoying, humiliating and embarrassing to the Plaintiff as it creates a false impression regarding the Plaintiff's credit.

26. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

27. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

30. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

31. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with the collection of a debt; and

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

32. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

33. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiff incorporates the preceding allegations by reference.

35. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

36. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

37. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with the collection of a debt; and

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

38. Plaintiff has suffered damages as a result of these violations of the MCPA.

39. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

August 6, 2021
/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
GARY A. HANSZ (P44956)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – Carl@crlam.com